## KELLEY *v.* BARKER.

When an officer's return on a writ shows that he did all that the statute requires to make a good attachment of real estate, the return need not state that the attachment was made by leaving a copy of the writ and return at the dwelling-house of the town-clerk.

Where a savings-bank sold to A the debt upon which a writ was then pending, together with the right to prosecute the same to judgment in their name, a depositor in the bank may act as appraiser in setting off the defendant's land on the execution obtained in the suit.

BILL IN EQUITY, to set aside the levy of an execution in favor of the Farmington Savings Bank against one Savage. August 21, 1874, Savage being the owner of an interest in the land in question, and being indebted to the bank, the bank commenced a suit against him, and put the writ into the hands of an officer, who made return thereon that he attached all the lands, &c., of the defendant, in the town of Alton, and the same day left a copy of the writ and return at the dwelling-house of the town-clerk. In January, 1878, the suit being still pending, the defendant bought from the bank the debt upon which it was founded, with the right to prosecute the suit to judgment in the name of the bank but at his own expense.

Judgment was rendered for the plaintiff at the February term, 1879, and within thirty days the defendant took out an execution, placed it in the hands of an officer with directions to levy the same on the real estate of Savage in Alton, and appointed one Varney, who was at the time a depositor in the savings-bank, an appraiser. The levy was completed, and the premises returned as attached on the writ were set off to the defendant.

May 12, 1876, Savage and one Mooney conveyed the premises to the plaintiff; and the question is, whether the levy is good with respect to Savage's interest as against the deed.

*S. M. Wheeler*, for the plaintiff.

*G. N. Eastman*, for the defendant.

ALLEN, J. " Real estate may be attached on any writ of mesne process by the officer leaving an attested copy thereof and of his return of such attachment thereon at the dwelling-house of the town-clerk of the town in which such real estate is situate, or, if there is no town-clerk, with the clerk of the supreme court of the county." G. L., *c.* 224, *s.* 3. The attachment is made by leaving a copy of the writ with the officer's return thereon. No other step is necessary. In the attachment of cumbersome articles of personal property, the law provides for preserving the attachment,

without removing or retaining possession of the property, by leaving a copy of the writ with the town-clerk. In such case the attachment is not made by leaving the copy. Some act of the officer by which he acquires legal control of the property is necessary, otherwise no attachment is made. G. L., c. 224, s. 16; *Scott* v. *Print Works*, 44 N. H. 507. In this case the return upon the writ shows that all the steps necessary in the attachment of real estate were taken. The return is, that the officer attached the land and left a copy. Although the return does not recite that the attachment was made "by leaving the copy," that act being a necessary one in making the attachment, and there being nothing to show that it was done with any other intention or to effect any other object, it must be understood that it was done as the means and for the purpose of attaching the debtor's real estate. The return showing an attachment valid against a subsequent conveyance, no amendment is necessary.

At the time of the levy, the appraiser, Varney, could have had no interest in the proceeding. The Farmington Bank, in which he was a depositor, had received payment of the note in full, and had parted with all its interest in the suit. It could not be affected by any judgment that followed, nor by any proceedings to enforce a judgment, and Varney, at the time of his appointment and of the levy, was a disinterested appraiser. If this were not so, the officer's certificate of making a levy by a set-off of land by three disinterested appraisers cannot now be questioned by the plaintiff. *Bank* v. *Eastman*, 44 N. H. 431, 439.

*Bill dismissed.*

CARPENTER, J., did not sit: the others concurred.